United States District Court
Northern District of Alabama

| | |
|---|---|
| Jeremy Pinson, Plaintiff, <br><br> v. <br><br> Constance Reese, Delbert Sauers, A. Bailey, Terry Sumner, Rufus Williams, Raymond Holt, Defendants, | Case No.  CV-09-S-2379-E <br><br> **COMPLAINT** |

### A. Parties

1. The Plaintiff, Jeremy Pinson (Reg. No. 16267-064) is a prisoner at the Federal Correctional Institution, PMB 1000, Talladega, AL, 35160.

2. Defendant Constance Reese is Warden at FCI Talladega, 565 E. Renfroe Road, Talladega, AL, 35160.

3. Defendant Delbert Sauers is Chief, BOP Designation and Sentence Computation Center, 346 Marine Forces Drive, Grand Prairie, Texas, 75051.

1

4. Defendant A. Bailey is Unit Manager at FCI Talladega, 565 E. Renfroe Road, Talladega, AL, 35160.

5. Defendant Terry Sumner is Case Manager at FCI Talladega, 565 E. Renfroe Road, Talladega, AL, 35160.

6. Defendant Rufus Williams is Correctional Services Administrator, BOP SouthEast Regional Office, 3800 Camp Creek Parkway S.W., Building 2000, Atlanta, GA, 30331.

7. Defendant Raymond Holt is Regional Director, South East Regional Office, 3800 Camp Creek Parkway S.W., Building 2000, Atlanta, GA, 30331.

## B. Jurisdiction

1. Jurisdiction is asserted pursuant to 28 U.S.C. 1331 and Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

## C. Cause of Action

1. CLAIM ONE: Violation of 8th Amendment to U.S. Constitution;

a. Supporting Facts:

1. The Plaintiff is an inmate confined to the Federal Correctional Institution at Talladega, Alabama.

2

2. At all times relevant to this Complaint Defendant Reese was Warden and Chief Executive Officer of FCI Talladega.

3. At all times relevant to this Complaint Defendants Sumner and Bailey were assigned to Plaintiff's Unit Team at FCI Talladega with primary responsibility for inmate classification and housing assignments.

4. Defendant Holt as Regional Director reviewed and approved Plaintiff's referral to the Special Management Unit at FCI Talladega.

5. Defendant Sauers as Chief of the BOP Designation and Sentence Computation Center is the final decisionmaker in designations of an inmate to an Institution for service of a federal sentence.

6. Defendant Williams oversaw management of the Special Management Unit at FCI Talladega from October 2009 to Present.

7. In April 2006 Plaintiff was assaulted by other inmates because of his sexual orientation and history of assisting law enforcement.

8. One of the inmates who assaulted Plaintiff was John Rousseau.

9. In October 2008 Plaintiff cooperated with federal law enforcement officials.

10. As a result of Plaintiff's cooperation the United States Attorney wrote a letter to Defendant Savers in December 2008 seeking seperation of Plaintiff and the inmates and gangs he cooperated with authorities about.

11. One of the inmates Plaintiff cooperated against was inmate John Rousseau.

12. In April 2009 Defendant Holt despite knowledge of the Plaintiff's assistance to law enforcement approved the referral of Plaintiff to a Special Management Unit.

13. In August 2009 Plaintiff was transferred to the Special Management Unit at FCI Talladega despite defendant Savers' knowledge of Plaintiff's past cooperation with law enforcement.

14. Defendant Savers later transferred John Rousseau to the Special Management Unit at FCI Talladega.

15. Defendants Bailey and Sumner were aware of the Separatee Order between Plaintiff and Rousseau and others.

16. Plaintiff explained to defendants Sumner, Bailey, Reese, Williams informally and via Administrative Remedies he was in imminent danger.

4

17. Defendants Sumner and Reese refused to transfer Plaintiff.

18. Defendants Bailey and Williams housed Plaintiff 2 cells from inmate Rousseau.

19. When inmates leave their cells for showers or recreation they oftentimes are escorted at the same time as other inmates.

20. Many inmates in the Special Management Unit possess makeshift handcuff keys which may be used to escape restraints.

21. Defendants Bailey, Williams and Reese were informed that inmates possess makeshift handcuff keys but still housed Plaintiff near inmate Rousseau.

22. Plaintiff and Rousseau both have histories of violent acts.

21. At various times all defendants became aware of the risks to Plaintiff by Rousseau and white supremacist gangs but failed to take steps to protect Plaintiff.

22. Plaintiff is in imminent danger of irreparable harm.

## D. Requested Relief

1. Nominal Damages of $1.00

2. Injunctive Relief enjoining defendants from:

   a) housing Plaintiff in a cell with or near an inmate the Plaintiff has identified as a danger to his safety;

   b) using force or acting adversely toward Plaintiff to coerce Plaintiff to accept a cellmate who may harm him;

   c) transferring Plaintiff to deprive this Court of jurisdiction without prior notice to the Court of a compelling need for such transfer.

        It is So Prayed.

*Jeremy Pinson*

Jeremy Pinson #16267-064
FCI Talladega
PMB 1000
Talladega, AL, 35160
Plaintiff - Pro Se

## Declaration

I declare the allegations contained in this Complaint are true and correct under penalty of perjury pursuant to 28 U.S.C. 1746.

Executed November 22, 2009 at Talladega, Ala.

*Jeremy Pinson*

7