United States District Court
Northern District of Alabama

| | |
|---|---|
| Jeremy Pinson,<br>　　Plaintiff,<br><br>v.<br><br>Constance Reese,<br>R. Holt,<br>Becky Clay,<br>J. Savidge,<br>Rufus Williams,<br>William Holbrook, M.D.,<br>B. Alley,<br>Delbert Sauers,<br>E. McKnight,<br>W. Fals,<br>W. Davis,<br>　　Defendants | Case No. 1:09-CV-02379-CLS-HGD<br><br><br>AMENDED COMPLAINT<br><br>(Jury Trial Demanded) |

## A. Parties

1. Plaintiff Jeremy Pinson (Reg. No. 16267-064) is a prisoner confined at the Federal Correctional Institution ("FCI Talladega" hereinafter), PMB 1000, Talladega, AL, 35160.

2. Defendant Constance Reese is employed as Warden at FCI Talladega.

1

3. Defendant R. Holt is employed as BOP South East Regional Director. His address is 3800 Camp Creek Parkway S.W., Bldg. 2000, Atlanta, GA, 30331.

4. Defendant Becky Clay is employed as Associate Warden at FCI Talladega.

5. Defendant J. Savidge is employed as Associate Warden at FCI Talladega.

6. Defendant Rufus Williams is employed as Correctional Services Administrator at 3800 Camp Creek Parkway S.W., Bldg. 2000, Atlanta, GA, 30331.

7. Defendant William Holbrook, M.D. is employed as Clinical Director at FCI Talladega.

8. Defendant B. Alley is employed as Health Services Administrator at FCI Talladega.

9. Defendant Delbert Sauers is employed as Chief, BOP Designation and Sentence Computation Center ("D.S.C.C." hereinafter) at 346 Marine Forces Drive, Grand Prairie, TX, 75051.

10. Defendant E. McKnight is employed as Lieutenant at FCI Talladega.

11. Defendant W. Fals is employed as Acting Lieutenant at FCI Talladega.

12. Defendant W. Davis is employed as Lieutenant at FCI Talladega.

13. FCI Talladega is located at 565 East Renfroe Road, Talladega, AL, 35160.

14. All defendants are sued in their individual capacity.

### B. Jurisdiction

1. Jurisdiction is asserted pursuant to 28 U.S.C. 1331 and Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

### C. Cause of Action

I. Claim One = Violation of 8th Amendment - Deliberate Indifference to Serious Medical Needs

(a) Supporting Facts:

1. Plaintiff was transferred to the South East Region of the Bureau of Prisons on January 6, 2009.

2. At all times relevant to this Complaint Defendant R. Holt was South East Regional Director.

3

3. While confined to Institutions within the BOP South East Region Plaintiff began to suffer debilitating headaches, weight loss, loose bowels and stomach pain.

4. Plaintiff submitted numerous Sick Call Requests requesting medical diagnostic examinations and treatment.

5. Plaintiff was not examined on any of his Sick Call Requests but was however examined by Defendant Holbrook on an emergency basis on 4 occasions.

6. Defendant Holbrook prescribed medication for Plaintiff's pain but refused to order diagnostic tests for Plaintiff.

7. Plaintiff complained verbally and on formal Requests to Defendants Reese, Alley and Holt concerning the refusal to follow-up upon sick call requests or to order diagnostic tests.

8. Defendants Reese, Alley and Holt took no action to obtain diagnostic testing or compel medical personnel to perform their duties.

9. Defendants Reese, Alley and Holt at various times were in supervisory positions over individuals responsible for provision of healthcare to Plaintiff.

10. Plaintiff suffered loss of appetite, weight loss totalling 85 pounds, and 11 months of severe pain, fatigue and muscular atrophy, while confined to the South East Region.

11. Defendants Alley, Holbrook, Reese, Holt were aware of Plaintiffs condition at all times but took no action to treat it.

---

II. CLAIM TWO: Violation of 8th Amendment – Deliberate Indifference to Safety;

(a) Supporting Facts:

1. Paragraphs 1-2 of CLAIM ONE are reincorporated herein.

2. Plaintiff is of same-sex sexual orientation.

3. Plaintiff at numerous times in the past assisted law enforcement officials.

4. Plaintiff filed and exhausted Administrative Remedies on numerous occasions while confined to the Bureau of Prisons concerning threats to his safety as a result of his sexual orientation and assistance to law enforcement.

5. Plaintiff submitted copies of his Administrative Remedy Requests and Appeals to Defendant Reese, Clay, Savidge.

5

6. Defendants Reese and Holt at various times responded to Plaintiff's Administrative Remedy submissions or had reviewed previous submissions concerning Plaintiff's safety.

7. Defendant Savers at various times was notified of threats to Plaintiff's safety by Plaintiff, counsel for the Plaintiff and Assistant United States Attorneys.

8. Defendants Holt and Savers though aware of specific threats to Plaintiff's safety, knowingly housed the Plaintiff in an institution where a substantial risk of harm existed.

9. Defendants Reese, Clay, and Savidge though aware of specific threats to Plaintiff's safety, knowingly housed the Plaintiff in an around inmates who posed a substantial risk of harm to Plaintiff.

10. Defendant Williams knowingly housed Plaintiff near individuals who posed a substantial risk of harm to Plaintiff despite being informed by Plaintiff that such decision could cause Plaintiff to be injured or killed.

11. Defendants Reese, Clay, Savidge, Holt, Savers and Williams were aware of previous assaults upon Plaintiff at the time of their actions as stated herein.

12. Plaintiff is in imminent danger of serious bodily injury or death.

III. CLAIM THREE: Violation of 8th Amendment – Deprivation of Outdoor Exercise;

(a) Supporting Facts:

1. While confined to the BOP South East Region from January 6, 2009 to Present Plaintiff was denied his outdoor recreation on 95 seperate dates.

2. At all times relevant to this Complaint Plaintiff was confined to his cell 24 hours per day with the exception of showers and outdoor exercise periods for a maximum of 1 hour per day.

3. Plaintiff's cell is approximately 8-by-12 feet and contains a double bunk bedframe, toilet, sink, table and stool.

4. The dimensions of Plaintiff's cell make exercise within the cell difficult or impossible depending upon the type of exercise.

5. Defendants Davis, Fals, McKnight were responsible for providing outdoor exercise.

6. Defendants Davis, Fals, McKnight denied Plaintiff his outdoor exercise on numerous occasions while confined to FCI Talladega and the South East Region.

7

7. As a result of the denial of outdoor exercise Plaintiff underwent long periods of inactivity which caused the Plaintiff headaches, atrophied muscles, stiffness in joints, back pain, loss of weight and fatigue.

8. Plaintiff suffered acute anxiety and distress as a result of long periods of inactivity.

9. Defendants Reese and Holt were aware of the denial of outdoor exercise but failed to take action to provide Plaintiff with such.

## D. Requested Relief

I. CLAIM ONE - $5,000.00 per defendant in compensatory damages, $10,000.00 per defendant in punitive damages, an injunction enjoining denial of medical treatment;

II. CLAIM TWO - $1.00 in nominal damages, injunction enjoining actions which expose Plaintiff to substantial risk of harm by other prisoners;

III. CLAIM THREE - $1.00 per defendant in compensatory damages, $2500.00 per defendant in punitive damages, injunction enjoining denial of minimum of five hours outdoor exercise per 7 days absent a compelling security interest in such denial.

It is So Prayed.

*[signature]*
Jeremy Pinson #16267-064
FCI Talladega
PMB 1000
Talladega, AL, 35160
Plaintiff

Declaration

I declare the aforegoing is true and correct under penalty of perjury pursuant to 28 U.S.C. 1746.

Executed 11-29-09 at Talladega, Alabama.

*[signature]*
Jeremy Pinson

9