FILED
2009 Dec-04 AM 08:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

United States District Court
Northern District of Alabama

Jeremy Pinson,
        Plaintiff,

V.                                              Case No.  1:09-CV-02379-CLS-HGD

Constance Reese, et al.,
        Defendants,

## EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION

Comes Now Jeremy Pinson, pro se, pursuant to Fed. R. Civ. P. 65(a), and moves this Court to issue a Preliminary Injunction as Plaintiff is in imminent danger of being killed and has suffered retaliation at the hands of defendants' for filing the instant above case and cause. Plaintiff seeks defendants and those acting in concert with them be enjoined from harmful conduct as identified herein.

1

## A. Facts

1. On or about Nov. 4, 2009 Plaintiff drafted a Complaint to initiate a lawsuit in the Northern District of Alabama.

2. The lawsuit draft was destroyed by defendant Williams.

3. Defendant Williams deliberately moved Plaintiff near inmate John Rousseau who has stabbed Plaintiff before and whom Assistant U.S. Attorney (S.D.Tex.) Mike Schultz requested Plaintiff be seperated from.

4. Prison officials at FCI Talladega have repeatedly threatened to kill Plaintiff or incite inmates to do so.

5. An injunction is necessary to protect Plaintiff who is in imminent danger.

## B. Argument

An injunction is an extraordinary remedy. See:

Flast v. Cohen, 392 U.S. 83 (1968). In this case there

are extraordinary circumstances warranting grant of

such an extraordinary remedy.

Proposition I: <u>Plaintiff has suffered Unconstitutional Retaliation</u>
<u>For this Lawsuit;</u>

In this Circuit it violates the First Amendment when
prison officials retaliate against an inmate for filing grievances
or a lawsuit. See: <u>Farrow v. West</u>, 320 F.3d 1235 (11th Cir.
2003); also see: <u>Crawford-El v. Britton</u>, 523 U.S. 574, 600 (1998).
Retaliation is proven upon 2 elements: (1) the prisoner
was engaged in a protected activity, and (2) as a result of
such activity prison officials took adverse action. See: <u>Adams</u>
<u>v. James</u>, 784 F.2d 1077, 1080 (11th Cir. 1986). In this case
Plaintiff was engaged in a protected activity. Filing his
grievances was protected by the First Amendment. See:
<u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997). Filing
this lawsuit was a protected act. See: <u>Bounds v. Smith</u>,
430 U.S. 817 (1974). The Plaintiff also drew the attention

of Members of Congress (Exhibit 1, attached) the U.S. Senate (Exhibit 2, attached) and others. This unwanted attention to serious constitutional rights violations was met with a medley of adverse acts. Plaintiff was threatened, his meals were witheld and he was placed near an inmate who desired to kill him. (see Declarations of Jeremy Pinson, Jeremy Brown, Antoine Bruce, Demetrius Hill and Brooks Terrell, attached). Prison staff witheld Plaintiff's Mail (see Exhibit 3). They housed Plaintiff in a feces smeared environment for 7 days. (see Exhibit 4). Despite a request by Asst. U.S. Attorney for the S.D. Texas to be seperated from inmate John Rousseau and a declaration of the serious dangers of not doing so Prison officials not only disregarded

4

the risk but denied it's very existence. (see Exhibit 5).

Prison officials have been found before to have retaliated

and falsified charges against Plaintiff over his litigation.

(see Exhibit 6). These acts by officials are connected to

Plaintiffs grievances and litigation and constitute retaliation

In violation of the First Amendment.


Proposition II: <u>Plaintiff is entitled to a Preliminary Injunction</u>


An injunction may be issued upon showing of 4 elements:

(1) a substantial likelihood Plaintiff will prevail on the merits

of his claims, (2) Plaintiff will suffer irreparable injury if the

injunction does not issue, (3) the threatened injury to the

Movant outweighs whatever damage the injunction may cause

the non-moving party, (4) the public interest will not

be harmed if the injunction should issue. See: Schiavo ex rel.

Shindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). All

elements are satisfied by this case as (1) the Complaint states

a claim upon which relief may be granted an absent any evidence

to contradict this there is a substantial likelihood Plaintiff

will prevail on the merits; (2) As a matter of law the

continuing deprivation of constitutional rights constitutes

irreparable harm. See: Elrod v. Burns, 427 U.S. 347 (1976).

The Plaintiff has been threatened with death by means

of homicide which also constitutes irreparable injury. The

Plaintiff has utilized administrative remedies and intervention

by our nation's highest elected officials to no avail, there is

no adequate remedy at law except an injunction to prevent

consummation of the threatened injury; (3) overcrowding is

6

part of the basis to house Plaintiff near a known enemy. The dangers posed by overcrowding outweigh administrative and financial concerns. See: Mitchell v. Chomo, 748 F.2d 804, 808 (2d. Cir. 1984). The Plaintiff has been threatened with death, there is no damage the injunction would cause defendants which would ever outweigh the threatened injury. Finally, the public interest will not be harmed by the issuance of an injunction. Retaliation has been prohibited by Congress, 42 U.S.C. 1997d. The Supreme Court has ruled it to be unconstitutional. Christopher v. Harbury, 536 U.S. 403 (2002). The Constitution is the ultimate expression of the public interest. See: Llewelyn v. Oakland County Prosecutors Office, 402 F. Supp. 1379, 1393 (E.D. Mich. 1973). The Constitution and the law have been grossly violated.

Respect for the law by prison officials is a matter of the utmost public interest. See: Duran V. Anaya, 642 F. Supp. 510, 527 (D. NM. 1986). An injunction enjoining further illegal and unconstitutional acts is not in any way capable of harming the public interest. It rather serves the public interest.

## Conclusion

Plaintiff prays the Court construe this Motion liberally. Haines V. Kerner, 404 U.S. 519, 520-21 (1972). Plaintiff prays the Court hold a telephonic hearing and order defendant Reese to permit telephonic testimony be presented from Joe Ramirez (Reg. # 35876-177), Timothy Brown (Reg. # 10979-035), Terrance Young (Reg. # 05600-027), Jeremy Brown (Reg. # 31123-074), Richard Blount (Reg. # 67832-065), Clifton Hamakuoa (Reg. # 44539-008), Allen Valenzuela (Reg. # 99885-008), Maximilian McGarvie (Reg. # 56688-054)

8

Donald Rourke (Reg. # 09250-031), Demetrius Hill (Reg. # 68133-053

Shawn Cropp (Reg. # 27149-177) who Plaintiff proffers will

provide eyewitness testimonial evidence of the matters described

herein and are necessary to more fully establish proof of the

Plaintiff's claims. Plaintiff also prays the Court issue and

Order served by the U.S. Marshall Subpeona' pursuant

to Fed. R. Civ. P. 45 commanding the presence of S. Chastain,

Terry Sumner, William Elston, J. Stewart, W. Davis, Constance

Reese at such a hearing if granted.

   Upon the Conclusion of such hearing the Plaintiff

prays the Court issue a Preliminary Injunction enjoining

defendants and any individual acting in concert with them

from: (1) any action which would cause Plaintiff to be physical

harmed, (2) any action which would obstruct or impede Plaintiff

prosecution of this case, (3) threatening or harrassing the Plaintiff in any way, until such final adjudication of this case on the merits, or other disposition.

It is So Prayed.

Jeremy Pinson #16267-064
FCI Talladega
PMB 1000
Talladega, AL, 35160
Plaintiff - Pro Se

Certificate of Service

I certify a copy of this document was served upon all parties by placing it with prison officials this 26th day of November 2009 for mailing to them in a postage prepaid, pre-addressed envelope. F.R. Civ. P. 5.

Jeremy Pinson
Plaintiff

10

Exhibit 1



**ARTUR DAVIS**
7TH DISTRICT, ALABAMA

208 CANNON HOUSE OFFICE BUILDING
WASHINGTON, D.C. 20515
(202) 225-2665
Fax (202) 226-9567
www.house.gov/arturdavis



## Congress of the United States
## House of Representatives

October 6, 2009

Mr. Jeremy Pinson # 16267-064
FCI Talladega
P.O. Box 1000
Talladega, AL 35160

Dear Mr. Pinson:

I have received your request and it was good to hear from you, although I am sorry to learn of the circumstances which prompted your letter. I sincerely apologize for the delay. I am always eager to assist a constituent in any way possible.

There is a long-standing tradition in the House of Representatives that each member of Congress is allowed the privilege of serving his own constituency. Congressman Mike Rogers is the representative for your district and he will be assisting you further. I have forwarded your information to his office and you will be hearing from him directly. I will be glad to assist him in any way he deems appropriate.

Sincerely,

Artur Davis

Artur Davis
Member of Congress

AD/lr

BIRMINGHAM OFFICE
2 20TH STREET N, SUITE 1130
BIRMINGHAM, AL 35203
(205) 254-1960
Fax (205) 254-1974

TUSCALOOSA OFFICE
TUSCALOOSA COUNTY FEDERAL COURTHOUSE
1118 GREENSBORO, AL SUITE, 336
TUSCALOOSA, AL 35401
(205) 752-5380
Fax (205) 752-5899

LIVINGSTON OFFICE
205 NORTH WASHINGTON STREET
UWA STATION 40, WEBB HALL, SUITES 236-237
LIVINGSTON, AL 35470
(205) 652-5834
Fax (205) 652-5935

SELMA OFFICE
908 ALABAMA AVENUE
FEDERAL BUILDING, SUITE 112
SELMA, AL 36701
(334) 877-4414
Fax (334) 877-4489

DEMOPOLIS OFFICE
102 EAST WASHINGTON STREET
SUITE F
DEMOPOLIS, AL 36732
(334) 287-0860
Fax (334) 287-0870

THIS STATIONERY PRINTED ON PAPER MADE OF RECYCLED FIBERS

**LINDSEY O. GRAHAM**
SOUTH CAROLINA



290 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510
(202) 224–5972

# UNITED STATES SENATE

August 18, 2009

Mr. Jeremy Pinson
Edgefield Federal Correctional Institution
PO Box 725
Edgefield, SC 29824-0725

Dear Jeremy:

Thank you for contacting my Columbia office regarding the problems you are experiencing.

I am looking into this matter for you, and I will get back in touch with you as soon as I have a response to my inquiry.

In the meantime, please feel free to contact my Columbia office at 508 Hampton Street, Suite 202, Columbia, SC 29201 if I may be of further assistance.

Sincerely,

Lindsey O. Graham
United States Senator

LOG/wh

---

508 HAMPTON STREET
SUITE 202
COLUMBIA, SC 29201
(803) 933–0112

401 WEST EVANS STREET
SUITE 226B
FLORENCE, SC 29501
(843) 669–1505

101 EAST WASHINGTON STREET
SUITE 220
GREENVILLE, SC 29601
(864) 250–1417

530 JOHNNIE DODDS BOULEVARD
SUITE 202
MOUNT PLEASANT, SC 29464
(843) 849–3887

140 EAST MAIN STREET
SUITE 110
ROCK HILL, SC 29730
(803) 366–2828

135 EAGLES NEST DRIVE
SUITE B
SENECA, SC 29678
(864) 888–3330

Exhibit 3



UNITED STATES GOVERNMENT

# MEMORANDUM

Federal Correctional Institute
Talladega, Alabama 35160

DATE: September 18, 2009

FROM: J. E. Myrick, Lieutenant

TO: Whom it may concern

SUBJECT: Inmate Jeremy Pinson register number 16267-064

    Inmate Pinson received legal mail that involved a court order with a deadline of September 14, 2009. The legal mail was not received until September 18, 2009 due to incidents occurring withing the assigned unit of inmate Pinson. Due to this, The delay in response was beyond inmate Pinson's control and a time extension is warranted.

"Sensitive Limited Official Use Only"

Exhibit

**BP-S148.055 INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Mr. Bailey - Unit Manager | DATE: 11-11-09 |
|---|---|
| FROM: Jeremy Pinson | REGISTER NO.: 16267-064 |
| WORK ASSIGNMENT: SMU | UNIT: SMU C-1 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

I/m Antoine Bruce in C-3 has retained large amounts
of feces in his cell for 7 days now. This is a health
hazard to me and subjects me to continuous exposure
to biohazardous fecal matter which has caused me physical
illness. Also your staff keep threatening me and harrassing me.
It is unconstitutional to subject me to an unsanitary
living environment. I request C-3 be properly decontaminated
or that I be relocated to another cell.
Also John Rousseau is still threatening me and has tried
twice to get out of handcuffs to hurt me.

(Do not write below this line)

DISPOSITION: This issue is being addressed

| Signature Staff Member | Date 11-13-09 |
|---|---|

Record Copy - File, Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94


PRINTED ON RECYCLED PAPER

Date of Incident complained of:_____
Date BP-9 Given to Inmate:_____
Date Returned to Counselor:_____09-16-2009_____
Date(s) Informal Resolution Attempted:_____
48-Hour Response Necessary:_____No_____
Concerned Department Head's Signature/Initials:_____
If UDC Appeal, is copy of Incident Report Attached :_____

## INFORMAL RESOLUTION

NAME:___Pinson, Jeremy V_____ REG. NO.:___16267-064_____          UNIT:____Alpha A_____

I attempted informal resolution of this inmate's complaint concerning: (If the inmate refused any attempt at informal resolution, please indicate here):_____Inmate Pinson states special management unit level 1 inmates are being forced to take cellmates._____

The inmate and I discussed the following aspects of the complaint that he felt were of major concern:_____Inmate Pinson states it is contrary to BOP policy and subjects inmates to imminent harm as the BOP disregards the threat posed by housing rival gang members together by force._____

My response to the concerns, as listed above, is as follows:___Explained to inmate Pinson BOP staff is not housing rival gang members together by force .

I suggested the following course(s) of action or alternatives to the inmate:__No suggestions

The inmate's response was:_____Inmate Pinson stated he need to file the BP-9

Program Statements and/or Institution Supplements referenced or otherwise utilized in my attempt at informal resolution with the inmate were:_____

Unit Manager's Comments:_____Inmate refused informal resolution

Informal resolution was/was not (circle one) accomplished.

_____          9/16/09          _____
Correctional Counselor                    Date                    Unit Manager/Department Head          Date

EXHIBIT 5

117

Exhibit 6

**DISCIPLINE HEARING OFFICER REPORT**
**U.S. DEPARTMENT OF JUSTICE**
INCIDENT REPORT NUMBER 1767123X

**BP-S305.052 MAY 94**
**FEDERAL BUREAU OF PRISONS**

| INSTITUTION | FDC HOUSTON, TX | | INCIDENT REPORT NUMBER | | | 1767123X | |
|---|---|---|---|---|---|---|---|
| INMATE NAME | PINSON, JEREMY | | REG NO | 16267-064 | UNIT | 4 WEST | |
| DATE OF INCIDENT | 08-15-2008 | | DATE OF INCIDENT REPORT | | | 08-15-2008 | |

| OFFENSE CODE(S) | 104 / 218 |
|---|---|
| SUMMARY OF CHARGES | CODE 104: POSSESSION, MANUFACTURE OF A WEAPON CODE 218: TAMPERING WITH A LIFE SAFETY DEVICE |

**I.  NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on

(date)  08-18-2008  at  1845  (by staff)  T. HINKLE

B. The DHO Hearing was held on (date)  11-12-2008  at (time)  0913

C. The inmate was advised of his/her rights before the DHO by (staff member):

K. JAGOW  on (date)  10-22-2008

And a copy of the advisement of rights form is attached.

**II.  STAFF REPRESENTATIVE**

| A. Inmate waived right to staff representative. | Yes: | X | No: | |
|---|---|---|---|---|

| B. Inmate requested staff representative and  N/A | appeared. |
|---|---|

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:  N/A

| D. Staff representative | N/A | was appointed. |
|---|---|---|

E. Staff Representative Statement:

N/A

**III.  PRESENTATION OF EVIDENCE**

| A. Inmate admits | | denies | | the charge(s). |
|---|---|---|---|---|

B. Summary of inmate statement:

THIS IS RETALIATION AGAINST A CIVIL LAW SUIT FILED AGAINST STAFF AT THIS INSTITUTION.

C. Witnesses:

| 1. The inmate requested witness(es). | Yes: | | No: | X |
|---|---|---|---|---|

| 2. The following persons were called as witnesses at this hearing and appeared. (Include |
|---|

Sensitive - Limited Official Use
Page 1 of 3

**DISCIPLINE HEARING OFFICER REPORT**
**U.S. DEPARTMENT OF JUSTICE**

**BP-S305.052 MAY 94**
**FEDERAL BUREAU OF PRISONS**

INCIDENT REPORT NUMBER   1767123X

| | | | | | |
|---|---|---|---|---|---|
| each witnesses name, title, reg. number, and statement as appropriate.) | | | | | |
| N/A | | | | | |
| 3. A summary of the testimony of each witness is | Yes: | | No: | X | |

4. The following persons requested were not called for the reason(s) given:

N/A

| 5. Unavailable witnesses were requested to submit written statements and those statements were considered. | Yes | | No | | N/A | X |
|---|---|---|---|---|---|---|

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

N/A

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

**IV. FINDINGS OF THE DHO**

   A. The act was committed as charged.

| B. The following act was committed: | Offense Code(s) | | | | |
|---|---|---|---|---|---|

   C. Summary of charges:

X  D. No prohibited act was committed: Expunge according to Inmate Discipline PS.

**V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS** (Physical evidence, observations, written documents, etc.)

THIS INCIDENT REPORT HAS BEEN EXPUNGED BY THE DHO.

**VI. SANCTION OR ACTION TAKEN**

| | | | | | | |
|---|---|---|---|---|---|---|
| Disciplinary Segregation | No. of Days | | Suspended | Yes | | No |
| Loss of Commissary Privileges | No. of Days | | Suspended | Yes | | No |
| Loss of Telephone Privileges | No. of Days | | Suspended | Yes | | No |
| Disallowed Good Conduct Time | No. of Days | | Suspended | Yes | | No |
| Loss of Visiting Privileges | No. of Days | | Suspended | Yes | | No |
| Previously suspended sanction being executed | Yes | | N | X | Report # | |
| Additional Sanctions by the DHO: N/A | | | | | | |

**DISCIPLINE HEARING OFFICER REPORT**
**U.S. DEPARTMENT OF JUSTICE**

**BP-S305.052 MAY 94**
**FEDERAL BUREAU OF PRISONS**

INCIDENT REPORT NUMBER   1767123X

| VII. REASON FOR SANCTION OR ACTION TAKEN | | | | | |
|---|---|---|---|---|---|
| N/A | | | | | |
| VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action.  The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure.  A copy of this report has been given to the inmate. | | | | | |
| | | Yes | X | No | |

| IX. DISCIPLINE HEARING OFFICER | | |
|---|---|---|
| Printed Name | Signature | Date |
| C. BICKLE, DHO | | 11-21-08 |
| DELIVERED TO INMATE | D. ROBERTSON, *[signature]* | 11-25-08 |

(This form may be replicated in WP)       Replaces BP-304(52) of JAN 88

Sensitive - Limited Official Use
Page 3 of 3

Declaration of Jeremy Pinson

I, Jeremy Pinson, do declare that the following is true and correct pursuant to 28 U.S.C. 1746 under penalty of perjury:

1. On April 9, 2008 inmate John Rousseau entered my cell at U.S.P. Victorville, CA with 4 other inmates and stabbed me 6 times with a sharpened metal instrument.

2. On August 6, 2009 I was transferred to the Federal Correctional Institution in Talladega, Alabama.

3. On an unknown date during September 2009 inmate Rousseau was transferred to FCI Talladega.

4. On or about Nov. 4, 2009 I informed staff at FCI Talladega that I needed a civil complaint copied.

5. Correctional Services Administrator Rufus Williams tore up the complaint and told my cellmate Maximilian McGarvie (Reg. No. 56688-054) "your celly's a snitch".

6. I requested to be moved by Psychology staff.

7. CSA Williams angrily informed me I was going to be moved near inmate Rousseau.

1 of 3

8. I was moved to cell C-1 6 cells from inmate Rousseau.

9. From Nov. 4th to Nov. 24th inmate Rousseau threatened me daily with death or serious injury.

10. I fear inmate Rousseau may harm or kill me, or cause another inmate to do so.

11. On Nov. 24, 2009 I was removed from my cell by the Discipline Hearings Officer who threatened me and said it was in my best interests to stop my lawsuits.

12. On Nov. 24, 2009 Captain Del Rey and a female Asst. Correctional Services Administrator ordered staff to confiscate my legal property.

13. Officers refused to carry out the Confiscation Order.

14. On Nov. 25, 2009 Lieutenant W. Davis threatened to kill me and said he was coming to burn my pens and paper.

15. On Nov. 25, 2009 C/o M. Hugeley threatened me and called me a "faggot".

16. Later that day I asked inmates Jeremy Brown and Demetrius Hill to provide declarations concerning anything they'd observed staff doing.

2 of 3

17. Lieutenant Davis and Warden Reese overheard my request and used force to attack both Hill and Brown placing them into restraints, spraying chemical agents upon them and seizing their property.

18. Lieutenant Davis later stated to the inmates in the unit, "If any of you all want to see me this is what will keep happening."

19. I believe I am in imminent danger at this time.

Executed Nov. 26, 2009.

Jeremy Pinson #16267-064
FCI Talladega
PMB 1000
Talladega, AL, 35160
Declarant/Plaintiff

3 of 3

## Declaration of Demetrius Hill

I declare the following facts are true under penalty of perjury pursuant to 28 U.S.C. 1746:

1. I am confined to SMU at FCI Talladega.

2. I have observed staff retaliating against inmates who file grievances or lawsuits by threatening or assaulting them, witholding meals for as long as 7 days and even pepper spraying them without provocation.

3. Yesterday on 11-25-09 I was assaulted and placed into restraints after writing an affidavit for inmate Pinson. At that time Lieutenant Davis destroyed the affidavit I had written.

4. I believe inmate Pinson is in imminent danger as I am Myself.

Executed on 11-26-2009 at Talladega, Ala.

Demetrius Hill

Demetrius Hill # 68133-053
FCI Talladega
PMB 1000
Talladega, AL, 35160
Declarant

## Declaration of Brooks Terrell

I declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the following is true and correct:

1. I am an inmate confined to the FCI Talladega Special Management Unit with inmate Jeremy Pinson.

2. I am aware of a lawsuit inmate Pinson has filed and have seen staff retaliate against him by threatening him, taking his property and witholding his siezure pills.

3. On Nov. 25, 2009 I observed inmate Pinson speaking with Lt. Davis and I observed him threaten inmate Pinson.

4. I have observed staff at this Institution use chemical agents and force upon Jeremy Brown # 31123-074 after he gave inmate Pinson a declaration on 11-25-09 concerning retaliatory acts.

5. I believe inmate Pinson to be in grave danger and believe I myself could be harmed for telling the truth herein.
   Executed on 11-25-09 at Talladega, Al.

Brooks Terrell #
FCI Talladega
PMB 1000
Talladega, AL, 35160
Declarant

## Declaration of Antoine Bruce

I declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the following is true and correct:

1. I have been at FCI Talladega with Jeremy Pinson since August 2009.

2. I have observed staff threaten to kill inmate Pinson on numerous occasions, put him in restraints for over 24 hours, leave human waste in his cell for days and withhold meals and epilepsy medication at various times because he refuses to stop filing grievances and lawsuits.

3. On November 24, 2009 I observed Captain Del Rey threaten inmate Pinson by stating he would take Pinson's litigation materials.

4. On November 25, 2009 I observed the Warden, SMU Lt. Davis and Officer Hugeley harrassing inmate Pinson and threatening to kill him.

5. Additionally at the midday meal on 11-25-2009 I observed Officer Mayer feed inmate Pinson an empty meal tray and laugh at him saying "Keep filing stuff and you'll starve to death".

6. I have observed inmates John Rousseau and Ronnie Coleman threaten to murder inmate Pinson in full hearing of the Warden and Asst. Correctional Services Administrator.

7. I believe inmate Pinson is in imminent danger of being harmed or possibly killed.

Executed 11-25-09 at Talladega, Alabama.

Antoine Bruce #35363-007
FCI Talladega
PMB 1000
Talladega, AL, 35160
Declarant

<u>Declaration of Jeremy Brown</u>

On this 25th day of November 2009, I declare the foregoing is true and correct under penalty of perjury pursuant to 28 U.S.C. 1746:

1. On NOvember 25, 2009 while confined to the Special Management Unit at FCI Talladega I observed Warden Constance Reese call inmate Pinson to his door then say "your suing me?" after which she drug her finger across her throat in a threatening gesture and pointed at inmate Pinson.

2. Also on November 25, 2009 I overheard Lieutenant W. Davis tell inmate Pinson, "Later on Im coming to get all your legal stuff these fucking lawsuits better stop or you'll find yourself going home early". I construed this as a threat to Murder Inmate Pinson.

3. Also on November 25, 2009 I observed Officer M. Hugeley call inmate Pinson a "faggot jailhouse lawyer".

4. I believe inmate Pinson is in imminent danger.

Jeremy Brown
Jeremy Brown # 31123·074
FCI Talladega
PMB 1000
Talladega, AL, 35160
Declarant