FILED
2011 Jan-07  PM 03:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

JEREMY PINSON,            )
                              )
          Plaintiff        )
                              )
    vs.                )      Case No.  1:09-cv-02379-CLS-HGD
                              )
CONSTANCE REESE, et al.,    )
                              )
        Defendants    )

## <u>ORDER FOR SPECIAL REPORT</u>

Jeremy Pinson, hereinafter referred to as the plaintiff, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 in which it is claimed that rights, privileges, or immunities afforded under the Constitution or laws of the United States have been abridged.  In accordance with the practices of this court, the complaint is before the undersigned magistrate judge for scheduling, management, and review.  *McCarthy v. Bronson*, 500 U.S. 136 (1991); 28 U.S.C. § 636(b); Local Rule 72.1.

On January 4, 2011, the United States Court of Appeals for the Eleventh Circuit entered an order pursuant to the plaintiff's Petition for Writ of Mandamus which states that this court "has shown extended delay" in making a preliminary determination as to whether or not the complaint should be served on the defendants. (Doc. 48).  The Court of Appeals has notified the plaintiff and this court that it will

hold in abeyance for sixty (60) days any ruling on the plaintiff's petition in order to allow this court to make the preliminary determination mandated by the Prison Litigation Reform Act.  Therefore, this Order for Special Report is being entered in response to the Court of Appeals' order and the 60-day deadline imposed therein.  In this Order for Special Report, the defendants are not only requested to respond to the allegations in the plaintiff's complaint, but are requested to return a signed waiver of service, which should satisfy the intent of the Court of Appeals' order dated January 4, 2011.

However, in response to the Court of Appeals' language that this court has shown extended delay, it seems clear from any objective review of the record that any delay in the resolution of this matter has been largely the result of the plaintiff's numerous, continuous, and sometimes frivolous pleadings, which have often involved matters not directly associated with the single and narrowly focused claim asserted in the initial complaint.[1]  Had the Court of Appeals requested a response from this court to the Motion for Mandamus filed by the plaintiff, it would have advised as follows.

---

[1] As an example of the frivolous nature of some of the plaintiff's pleadings, on August 6, 2010, the plaintiff submitted a motion in which he complained of the "atrocious [and] barbaric" conditions inside the special management unit because of the violence that occurs there.  (Doc. 31). However, as this court noted in its response to the motion , the plaintiff inexplicably attached an incident report in which he and another inmate are identified as aggressors who used a sharpened instrument to attack and stab another inmate and two prison staff members.  (Doc. 41).

At the time this action was filed on November 24, 2009, the plaintiff sought injunctive relief and nominal damages solely on the basis that the defendants had violated the Eighth Amendment by housing him near a known enemy, John Rousseau. (Doc. 1).  Shortly thereafter, on December 4, 2009, the plaintiff filed a motion for preliminary injunction in which he sought an order enjoining the defendants from threatening or harassing him, from taking any action which exposes him to physical harm, and from obstructing or impeding his prosecution of this lawsuit.  (Doc. 5). Because the plaintiff alleged that he had been threatened with death or serious injury, and out of an abundance of caution, certain of the defendants were ordered to respond to the motion.[2]  During this time, the court was also required to address, *inter alia*, an amended complaint (Doc. 4), a motion for class certification (Doc. 7), a motion for service of the complaint upon the defendants (Doc. 10), a motion to substitute the name of a defendant (Doc. 11), motion for leave to respond to the defendants' response (Doc. 12), and a motion for temporary restraining order (Doc. 14).[3]

---

[2] Subsequently, the plaintiff asserted another, similar motion for preliminary injunction (Doc. 16) alleging that he continued to be harassed as a result of this litigation, including the withholding of medications for high blood pressure and epilepsy.  The defendants were ordered to respond to the allegations in this motion in conjunction with their response to the December 24, 2009, motion.  (See Doc. 17).

[3] The motion for temporary restraining order (Doc. 14) is another example of the frivolous nature that is exhibited in some of the plaintiff's pleadings in this cause.  Although in previous pleadings he had bemoaned the fact that he was housed near an inmate that posed a danger to his safety and complained that he was in imminent danger from the staff and other inmates at FCI Talladega, the motion for temporary restraining order sought to prohibit defendant Terry Sumner

On February 3, 2010, the defendants filed a 427-page response (Doc. 18) to the plaintiff's initial motions for preliminary injunction.  However, before the court was able to review the defendants' extensive presentation and issue a memorandum of opinion, the plaintiff asserted the following additional pleadings:  motion for hearing (Doc. 19), motion for service by the U.S. Marshal (Doc. 20), motion for leave to file second amended complaint (Doc. 24), motion to strike un-executed exhibit (Doc. 26), "second" motion for preliminary injunction (Doc. 30), "emergency" motion for preliminary injunction (Doc. 31), motion for reconsideration (Doc. 35), and notice of interlocutory appeal, accompanied by a motion for leave to appeal *in forma pauperis*. (Docs. 33 & 34).  To complicate matters further, the plaintiff's first amended complaint asserted new claims unrelated to the initial complaint, including alleged denial of adequate medical care, failure to protect plaintiff from violence directed at his sexual orientation, and failure to provide adequate outdoor exercise.  (Doc. 4). Furthermore, the plaintiff's second motion to amend the complaint asserted additional claims unrelated to the claims made in the initial and first amended complaints and which were unrelated to one another, including coerced double-celling, unsanitary

---

from transferring the plaintiff *away* from Talladega.  (See Doc. 27).  To add to this inconsistency, the plaintiff later reversed course and submitted a motion complaining of the fact that his request for transfer has been ignored for thirteen months.  (See Doc. 47).

cell conditions and retaliation. (Doc. 24).[4]  Therefore, on May 20, 2010, the court denied, without prejudice, the plaintiff's motion to file a second amended complaint, in part because the proposed amended complaint asserted unrelated claims. (Doc. 28).  By that same order, the plaintiff's first amended complaint was stricken for the same reasons.  However, the plaintiff was advised that he would be allowed thirty (30) days to assert a new motion to amend, if he so chose.  In response, the plaintiff submitted a notice (Doc. 29) on May 25, 2010, stating that he would not seek to amend his complaint but would proceed only on the basis of the initial complaint. Despite this assertion, and shortly thereafter, the plaintiff filed the "second" motion for preliminary injunction and "emergency" motion for preliminary injunction that are identified above, neither of which were directly related to the narrowly defined claim made in the initial complaint.  To date, the plaintiff has filed at least six (6) separate motions for preliminary injunctive relief in this matter, and a review of CMECF records shows that the plaintiff has filed at least ten (10) separate actions in this district since September 2009.

After thorough review of the defendants' extensive and lengthy presentation and the plaintiff's 73-page response (Doc. 25) thereto, the court entered a

---

[4] The second amended complaint named fifteen (15) additional defendants not named in the initial complaint.

5

memorandum of opinion (Doc. 36) on August 31, 2010, denying the plaintiff's initial motions for preliminary injunction. In turn, the plaintiff filed an amended notice of interlocutory appeal (Doc. 37) on September 7, 2010, seeking appellate review of the August 31, 2010, order and renewing his request for appellate review of the August 9, 2010, order denying his "second" motion for preliminary injunction. In addition to his interlocutory appeal notice, the plaintiff has also submitted a motion for reconsideration (Doc. 44) of the August 31, 2010, order and a "renewed" motion for preliminary injunctive relief (Doc. 47) in which he seeks relief which is again directed toward persons and issues unrelated to the claims in the initial complaint. It is, therefore, obvious from the record that this court has been kept busy dealing with the numerous filings submitted by the plaintiff in this action, which include two separate notices of interlocutory appeal that have remained pending since August 26, 2010.

## I. Service Of Process

A copy of this order has been mailed to each of the persons identified below as defendants in this action. Attached to the copy of this order mailed to each defendant is a complete copy of the complaint filed by the plaintiff. Taken together, this order and the copy of the complaint attached to it adequately notify each defendant that he or she has been sued by the plaintiff in this action and the defendant

is required to respond to the allegations of the complaint.   Furthermore, FED. R. CIV. P. 4(d) provides a mechanism by which service of process upon the defendant can be accomplished through the use of first class mail and imposes a duty upon each defendant "to avoid unnecessary costs of serving the summons."  Once a defendant has been given a copy of the complaint and is requested to waive service of process by executing a waiver of service in a form consistent with that annexed to this order, the unreasonable failure of the defendant to expressly waive service of process may result in the imposition of costs of personal service on that defendant. Consequently, each defendant is hereby requested to waive service of process by executing the waiver of service attached to this order. **FAILURE TO SIGN AND RETURN THE WAIVER OF SERVICE TO THE COURT WITHIN FORTY (40) DAYS AFTER THE DATE OF THIS ORDER MAY RESULT IN THE COURT ORDERING SERVICE OF PROCESS UPON THE DEFENDANT PERSONALLY AND THE TAXING OF COSTS OF SUCH SERVICE TO THE DEFENDANT.**  Costs of service may include not only the actual cost of service but also attorney's fees as may be warranted.  FED. R. CIV. P.  4(d)(5).

7

## II.  Special Report

The court's review of the complaint filed by plaintiff has identified the following defendants and claims being asserted by plaintiff against the respective defendants:

A.  <u>Defendants</u>.  The complaint identifies the following people or entities as defendants:

**Warden Constance Reese**
**FCI Talladega**

**Delbert Savers - Chief**
**BOP Designation and Sentence Computation Center**

**A. Bailey - Unit Manager**
**FCI Talladega**

**Terry Sumner - Case Manager**
**FCI Talladega**

**Rufus Williams - Correctional Services Administrator**
**BOP Southeast Regional Office**

**Raymond Holt - Regional Director**
**BOP Southeast Regional Office**

**Warden John T. Rathman**
**FCI Talladega**

B.  <u>Claims</u>.  The complaint attempts to state the following claims for relief:

**The plaintiff is an inmate in the Special Management Unit of the Federal Correctional Institution at Talladega, Alabama.  He alleges**

8

**that he is being housed near a known enemy, John Rousseau, against whom he cooperated with federal law enforcement in October 2008. The plaintiff claims he is housed in close proximity to Rousseau, who has a history of violent acts, and is in danger of coming in contact with him during shower breaks or recreation times.[5] The plaintiff seeks nominal damages and injunctive relief.**

Plaintiff is required to notify the court within twenty (20) days after the date of this order whether the court has misunderstood or misconstrued the claims pled in the complaint. Plaintiff's notice must describe specifically and in detail any error in the court's reading and understanding of the claims pled, setting forth the true nature of the claim or claims plaintiff intended to plead in the complaint.[6] Plaintiff will not be allowed to amend the complaint to add parties or claims after the date of this order except upon express leave of the court.

Each defendant is hereby DIRECTED to undertake a review of plaintiff's claims as those claims relate to that defendant to determine the facts and circumstances relevant to the claims. An appropriate review will include a written report to the court presenting the sworn statement of all persons having knowledge of the facts relevant to the claims or any subsequent investigation undertaken with respect to the claims. The report must be filed with the court not later than sixty (60)

---

[5] The plaintiff indicates in a later pleading that Rousseau has been transferred to another facility. (See Doc. 47).

[6] The plaintiff is advised that this is not a license for him to present new or different claims. This matter will proceed solely on the basis of claims made in the initial complaint (Doc. 1).

days after the date of this order.  Such a special report filed by a defendant who has

waived service of process as outlined above shall be deemed to be an answer pursuant

to Rules 7(a), 38(b) and 39, FED. R. CIV. P.  Except for the report directed herein, the

defendant shall not be required to file any other answer or responsive pleading.

### III.  Discovery and Disclosures

A.  <u>Initial Disclosures - Defendants</u>.  FED. R. CIV. P. 26(a)(1) requires the

parties to make certain initial disclosures in lieu of discovery.  In order to comply

with this requirement, the parties shall be required to make certain minimal disclosure

as described hereinbelow.  The special report filed by or in behalf of each defendant

should include, at a minimum, the following information:

1.   The sworn statement of the defendant relating to his knowledge of the claim or incident at issue;

2.   The name, employment position or title, and AIS number, if any, of every person having personal knowledge of the facts relevant to the claims asserted by the plaintiff or the defenses asserted by the defendant;

3.   A clear and legible copy of all documents relevant to the claims or defenses asserted in the action, including all incident reports, disciplinary reports, classification or custody records, and medical records, as may bear directly on the claims or defenses asserted.

B. <u>Initial Disclosures - Plaintiff</u>.  Within twenty (20) days after the date of service of the special report by the defendant, the plaintiff shall make initial disclosures by filing with the court and serving on the defendant the following:

1. The name, employment position or title, and AIS number, if any, of every person having personal knowledge of the facts relevant to the claims asserted by the plaintiff or the defenses asserted by the defendant;

2. A clear and legible copy of all documents relevant to the claims or defenses asserted in the action, including all incident reports, disciplinary reports, classification or custody records as may bear directly on the claims or defenses asserted.

3. A specific and clearly-stated computation of any category of damages claimed by the plaintiff as a result of the defendant's conduct.

C. <u>Discovery</u>.  **THERE WILL BE NO ADDITIONAL DISCOVERY BY THE PARTIES EXCEPT WITH EXPRESS LEAVE OF COURT.**  To request leave of court, the moving party must file with the court a motion specifically identifying the nature of the discovery sought and the reason the initial disclosures provided hereinabove were inadequate to provide the information sought by the discovery.  **ANY REQUEST FOR LEAVE TO CONDUCT ADDITIONAL DISCOVERY MUST BE FILED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE CERTIFICATE OF SERVICE ON THE SPECIAL REPORT**.

If additional discovery is permitted by the court, only Rule 33 interrogatories, Rule 34

requests for production of documents, and Rule 32 depositions will be allowed.  No party may serve on another party any Rule 36 requests for admissions without the prior express written approval of the court.

D. <u>Discovery Costs</u>.  The parties are advised that an authorization to proceed *in forma pauperis* in this court does not obligate a party to bear the costs of discovery requested by another party.  If the defendant provides an opportunity for review of documents, the defendant is not obligated to copy those documents at no cost for use by the plaintiff.  The defendant may require that the plaintiff bear the reasonable cost of copying of production.  Similarly, the parties are advised that while the court may waive its own filing fees it cannot act as a copying center.  The Clerk of Court will not provide copies of discovery documents, answers to interrogatories, or provide copies of documents that are in the possession or should be in the possession of the parties.  Further, the Clerk will not copy and distribute discovery requests or responses to discovery requests which are the obligation of the parties to serve on all other parties pursuant to Rule 5, FED. R. CIV. P. Any discovery requests filed with the court but not properly served on all other parties will be stricken.

## IV.  Addresses

It is the duty of the plaintiff to provide an adequate mailing address for each defendant.  Should a copy of the complaint and this order mailed to the address

provided by the plaintiff be returned for insufficient address, the Clerk of Court will notify plaintiff and no further attempt at service will be made as to that defendant unless plaintiff provides a sufficient address.  Unless the defendant is provided a copy of the complaint and this order within one hundred twenty (120) days after the filing of the complaint, the claims against that defendant will be dismissed without prejudice. See FED. R. CIV. P. 4(m).

Additionally, it is vital to the management of this litigation that the plaintiff keep the court apprised of the plaintiff's current address.  Should a document be returned to the court because of an insufficient or inaccurate address for the plaintiff, the court will consider dismissal of the complaint or other sanctions as may be required.  This provision is expressly deemed to be required  to effectively discharge the court's obligations under the Civil Justice Reform Act and Rule 1, FED. R. CIV. P.   It is also the responsibility of the plaintiff to notify the defendants of any change in his address.

## V.  Summary Judgment

Rule 56, FED. R. CIV. P., provides for the adjudication of the merits of all or part of a lawsuit when the material facts relating to a particular claim are not in dispute and a party is entitled to judgment as a matter of law.  In the event the court determines that the special report filed by the defendant should be treated as a motion

for summary judgment, the court will notify the parties by separate order that the special report of the defendants or of a particular defendant has been converted to a motion for summary judgment. Upon the receipt of such notice, the plaintiff must file affidavits, documents, or other materials he may wish to offer in response and rebuttal to the special report. The plaintiff or non-moving party may not generally rely upon the pleadings in opposition to a properly-supported motion for summary judgment. Copies of all materials filed by the plaintiff must be served upon the defendants as required by Rule 5, FED. R. CIV. P., unless the material is already part of the court record and was originated by the defendants. Plaintiff is advised that unless he responds to the special report with affidavits, documents, or other materials that create a genuine issue of material fact as to the claims asserted in the complaint, the court may grant summary judgment to the defendants on the basis of the evidentiary materials submitted by them. *See Griffith v. Wainwright,* 772 F.2d 822 (11th Cir. 1985).

The Clerk is DIRECTED to serve a copy of this order upon the plaintiff.

The Clerk is further DIRECTED to serve a copy of this order, and a copy of the plaintiff's complaint (Doc. 1), on each of the following defendants:

14

**Warden Constance Reese**
FCI Talladega
565 East Renfroe Road
Talladega, Alabama  35160

**A. Bailey - Unit Manager**
FCI Talladega
565 East Renfroe Road
Talladega, Alabama  35160

**Terry Sumner - Case Manager**
FCI Talladega
565 East Renfroe Road
Talladega, Alabama  35160

**Rufus Williams**
**Correctional Services Administrator**
BOP Southeast Regional (Atlanta)
3800 Camp Creek Parkway SW, Building 2000
Atlanta, Georgia  30331

**Raymond Holt**
**Regional Director**
BOP Southeast Regional (Atlanta)
3800 Camp Creek Parkway SW, Building 2000
Atlanta, Georgia  30331

**Delbert Savers**
BOP Designation and Sentence Computation Center
346 Marine Forces Drive
Grand Prairie, Texas  75051

**Warden John T. Rathman**
FCI Talladega
565 East Renfroe Road
Talladega, Alabama  35160.

The Clerk is further DIRECTED to serve a copy of this order, accompanied by a copy of the complaint (Doc. 1), on **Carolyn Williams Steverson, Assistant United States Attorney**, by serving her electronically and by regular mail at the **Office of the United States Attorney for the Northern District of Alabama, 1801 Fourth Avenue, North, Birmingham, Alabama  35203** and on the **Clerk of the United States Court of Appeals for the Eleventh Circuit.**

DONE this 7th day of January, 2011.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE

16

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION


JEREMY PINSON,                     )
                                   )
                Plaintiff          )
                                   )
        vs.                        )          Case No.  1:09-cv-02379-CLS-HGD
                                   )
CONSTANCE REESE, et al.,           )
                                   )
                Defendants         )


## **ACKNOWLEDGMENT AND WAIVER OF SERVICE**

I, _____, the undersigned defendant in the

above-styled action, under penalty of perjury, do hereby declare that on the date

written below I received a copy of the complaint in this action and that I waive the

necessity of any other formal process or service of process in this action.



_____
Signature of Defendant

DATE: _____